Anne **KUSZYNSKI** et al., Plaintiffs-Appellants,

v.

**CITY OF OAKLAND**, a municipal corporation Acting By and Through the **BOARD OF PORT COMMISSIONERS**, et al., Defendants-Appellees.

No. 71-1566.

United States Court of Appeals, Ninth Circuit.

May 31, 1973.

Charles C. Marson (argued), Paul N. Halvonik, of ACLU, Donald Yank, Serra & Perelson, San Francisco, Cal., for plaintiffs-appellants.

Wilson Wendt (argued), J. Kerwin Rooney, Port Attorney, Oakland, Cal., for defendants-appellees.

Charles C. Marson (argued), ACLU, San Francisco, Cal., for amicus curiae.

Before DUNIWAY and KILKENNY, Circuit Judges, and SMITH*, District Judge

## OPINION

PER CURIAM:

This is an appeal from an order denying a preliminary injunction, 322 F. Supp. 689. Appellants sought to enjoin the enforcement of ordinances regulating the distribution of written material at the Oakland airport. The ordinance provides:

> 1.151. *The use of the Airport for the purpose of exercising the right of free expression and communication, including but not limited to the distri-*

---

* The Honorable Russell E. Smith, Chief Judge of the United States District Court for the District of Montana, sitting by designation.

*bution of non-commercial, non-obscene, non-subversive literature* and to picket, demonstrate or display signs, shall not be allowed to impair or interfere with the transportation function of the Airport. The exercise of such rights shall be in accordance with the following rules and regulations:
. . . (Emphasis added.)

The rules and regulations provide that materials to be distributed be first submitted to the airport manager at a time prior to distribution; that the identity of the distributors and the purpose of the distribution be revealed. Distribution in some areas of the airport is forbidden, and the number of persons who may distribute is limited. The time of distribution is limited to four hours.

 Since the airport is public property we think that this case is governed by Marsh v. Alabama, 326 U.S. 501, 66 S.Ct. 276, 90 L.Ed. 265 (1946), and Amalgamated Food Employees Union v. Logan Valley Plaza, Inc., 391 U.S. 308, 88 S.Ct. 1601, 20 L.Ed.2d 603 (1968), rather than Lloyd Corp. v. Tanner, 407 U.S. 551, 92 S.Ct. 2219, 33 L.Ed.2d 131 (1972). So governed, the applicable law is that free speech may be abridged only by regulations narrowly drawn to serve legitimate interests of the general public who use the airport. Wolin v. Port of New York Authority, 392 F.2d 83 (2d Cir. 1968), cert. denied, 393 U.S. 940, 89 S.Ct. 290, 21 L.Ed.2d 275 (1968). The ordinance here does place limitations upon the dissemination of ideas in a public place and is on its face a violation of the first amendment unless the limitations are justified by the needs of the airport. The port commissioners offered no evidence indicating the need for the restrictive provisions of the ordinance or the reasonableness of them. In the absence of such showing the ordinance is invalid.

We note specifically the emphasized language in the quoted portion of the ordinance. The port commissioners con-

cede that if this language gives to the airport manager a right to precensor obscene and subversive material it would be invalid, but contend that the language does not have that effect. Even if the port commissioners' interpretation is correct the language could certainly be thought by an airport official to justify acts of censorship, and it should be stricken from the ordinance.

The case is remanded to the district court with directions to vacate the order denying the preliminary injunction and, following a hearing, to enjoin the enforcement of those portions of the ordinance not found to be reasonably necessary for the management of the airport.