STATE OF NEBRASKA, APPELLEE, V. JOHN GUY, APPELLANT.

242 N. W. 2d 864

Filed June 9, 1976. No. 40325.

Frank B. Morrison and Joseph Bataillon, for appellant.

Herbert M. Fitle, Gary P. Bucchino, Richard M. Jones, and George A. Sutera, for appellee.

Heard before WHITE, C. J., SPENCER, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ., and KUNS, Retired District Judge.

KUNS, Retired District Judge.

The appellant was tried in the municipal court of Omaha, Nebraska, upon a complaint charging that on January 7, 1975, appellant did purposely or knowingly disturb or disrupt a meeting which was not held in violation of law, contrary to Omaha municipal ordinance No. 25.67.010. He was found guilty and sentenced to pay a fine and costs. Upon appeal to the District Court for Douglas County, Nebraska, the judgment was affirmed and this appeal followed. We affirm the judgment.

Evidence was taken only at the trial in the municipal court and the transcript thereof shows little conflict except as to conclusions which were drawn from different viewpoints. The following summary of the facts is supported by the transcript: The Omaha city council met in regular session at 2 p.m. on January 7, 1975, with an agenda including the consideration of an application for rezoning; appellant, who describes himself as a politician representing the interests of his community, has appeared regularly at meetings of the council during the past 17 years and knew the procedures therein; he sought permission to speak against the proposal and was granted 10 minutes for the purpose; after two proponents of the proposal had spoken, appellant proceeded to the lectern and microphone; and, after he had spoken for some time, he made remarks about the proponents, abusing them personally and resorting to epithets. Thereupon the following occurred in such close order as to be almost simultaneous: Councilman Taylor moved that the appellant be declared out of order; Councilman Miller seconded the motion and called for a roll call vote; President Cunningham told the appellant to cease and desist from that type of attack; appellant, feeling that his rights were being abridged, spoke more loudly, pre-

venting the roll call of the vote upon the motion; President Cunningham ordered the appellant to leave the microphone and when the appellant refused to do so, he sent the police officer who acted as sergeant-at-arms to return the appellant to his seat; after some struggle and resistance by the appellant, this was accomplished; the period of interruption was about 10 minutes, during which no business was transacted by the council aside from the difficult matter of restoring order. This was not the first time the appellant had been removed forcibly from the lectern and microphone, but it was the first time that any charges had been filed against him.

The appellant contends that ordinance No. 25.67.010 is overbroad and constitutes an unconstitutional restriction on the First Amendment right of free speech. We recognize, of course, that the appellant does have that right. It was not an unlimited and unqualified right but could be made subject to reasonable restrictions when necessary to safeguard the public interest. Resort to epithets or personal abuse is not in any proper sense the communication of information or opinion safeguarded by the Constitution and *its punishment as a criminal act raises no question under the Constitution.* 16 C. J. S., Constitutional Law, § 213(5), p. 1102 et seq., and cases cited. When the complaint and the record are examined, it becomes evident that the appellant was not being prosecuted for the use of words but rather for his disruptive and disturbing conduct following the use of his words. So long as he spoke upon the question under consideration, no point of order was raised against him; this was done only after he departed from proper and protected discussion. When the appellant raised his voice, refused to heed the presiding officer, prevented the taking of a vote, and resisted the sergeant-at-arms, this course of action taken in its totality was not merely speech but was conduct properly weighed and considered in the light of its possible violation of the above ordinance. If the council was not permitted to take steps

necessary to maintain order and to keep speakers within the limits of propriety and relevancy by terminating speeches, its proceedings would degenerate into bedlam and confusion and its work could be brought to a complete halt. The appellant's First Amendment right to free speech is not an issue and the ordinance did not restrict it in any way.

Next, the appellant contends that the ordinance is unconstitutionally vague. Since this ordinance does not involve First Amendment rights, the challenge thereon on the ground of vagueness must be examined in the light of the facts at hand. United States v. Mazurie, 419 U. S. 544, 95 S. Ct. 710, 42 L. Ed. 2d 706; United States v. National Dairy Products Corp., 372 U. S. 29, 83 S. Ct. 594, 9 L. Ed. 2d 561. The appellant argues that the ordinance is being enforced against speech. As previously shown, the ordinance is being applied to and enforced against conduct. The same issue was considered in State v. McNair, 178 Neb. 763, 135 N. W. 2d 463, in which during the course of a comprehensive analysis of a similar ordinance, the court said: "The offense of disturbing a public meeting was recognized by the common law as a misdemeanor. Certain like provisions have been enacted into our statutes. The ordinance in question is a general regulation for all types of meetings. What constitutes a disturbance of a lawful assembly is not susceptible to specific definition, but must depend to some extent upon the nature and character of the particular assemblage. However, while it may be difficult to specifically define beforehand, there is no problem in determining what constitutes a disturbance in a given case. In the instance of a city council, we hold that any conduct contrary to the normal presentation of business which disturbs or interrupts the orderly progress of the proceeding is a disturbance." This reasoning applies with equal force to this case. The ordinance is sufficiently specific to provide notice of what is and is not legal.

Next, the appellant contends that since prosecutions had not previously been brought against persons, including the appellant, who had indulged in disturbing conduct, such usage should be a defense for him. The rule is that a custom or usage repugnant to the provisions of a statute will not prevail against the provisions of the statute. Bolln v. State, 51 Neb. 581, 71 N. W. 444; Shambaugh v. City Bank of Elm Creek, 118 Neb. 817, 226 N. W. 460. It is immaterial how many previous violations might have been overlooked or condoned; no defense is created thereby to a prosecution duly filed.

Finally, it is argued that the evidence is insufficient to support a finding of guilty, especially as to appellant's purpose or knowledge in connection with his conduct. We have previously shown that his conduct was clearly proved by the evidence to have been disruptive and disturbing. If the appellant is given the benefit of the doubt and is not deemed to have known that the personal abuse and epithets were improper, nevertheless the statements were intentional; he knew that a motion to declare him out of order had been made and he received an admonition from the chair; and he struggled against removal and return to his place. The appellant's own statements make it clear that he was protesting and resisting as emphatically as possible against what he considered to be an infringement of his rights. His purpose and knowledge were clear and it cannot be said that the evidence was insufficient.

No error being shown, the order of the trial court is affirmed.

AFFIRMED.