REQUESTED BY: Dear Senator:
You have requested the opinion of this office concerning the constitutionality of section 34(1)(c) of LB 38. That section provides as follows:
 "Sec. 34. (1) Any person who subjects another person to sexual penetration and . . . (c) the actor is more than eighteen years of age and the victim is less than sixteen years of age is guilty of sexual assault in the first degree."
The elements which are defined for the crime are as follows: (1) sexual penetration, (2) by an actor more than eighteen years of age and (3) upon a victim less than sixteen years of age. Elements (2) and (3) are relatively self-explanatory. Element (1), sexual penetration, requires greater scrutiny, however.
Section 33(5) of LB 38 defines sexual penetration as follows, as used in sections 32 to 38:
 "(5) Sexual penetration shall mean sexual intercourse in its ordinary meaning, cunnilingus, fellatio, anal intercourse, or any intrusion, however slight, of any part of the actor's body or any object manipulated by the actor into the genital or anal openings of the victim's body. Sexual penetration shall not require emission of semen; . . ."
The definition of sexual penetration, as contained in section 33(5), described simply a physical act. The definition does not require the act to be performed with any particular intent, such as the intent to produce sexual arousal or gratification as is found in the definition of sexual contract in section 33(4). Neither do we at any place find any exemptions or exceptions to the operation of section 34(1)(c). We therefore must conclude that, on its face, section 34(1)(c) would render the situations you describe to the criminal offenses, i.e., a doctor over the age of eighteen would violate the terms of the section by giving a gynecological examination to a patient under the age of sixteen, and a parent over the age of eighteen would violate the terms of the section by administering an enema to a child under the age of sixteen.
State v. Adkins, 196 Neb. 76, ___ N.W.2d ___ (1976), and State v. Shiffbauer, 197 Neb. 805, ___ N.W.2d ___ (1977), are two very recent cases dealing with the question of whether particular statutes are vague and overbroad, contrary to the due process clause of the Fourteenth Amendment.
State v. Adkins, supra, dealt with the constitutionality of section 28-4,127(1)(g), R.R.S. 1943, being in a place where controlled substances are being used. The Supreme Court there noted that the elements of that crime were broad enough to encompass entirely innocent behavior as well as behavior which the Legislature had obviously intended to encompass. The court utilized the following test in determining that the statute defining the offense was void for uncertainty:
 ". . . `The test to determine whether a statute defining an offense is void for uncertainty (1) is whether the language may apply not only to a particular act about which there can be little or no difference of opinion, but equally to other acts about which there may be radical differences, thereby devolving on the court the exercise of arbitrary power of discriminating between the several classes of acts. (Citing case.) (2) The dividing line between what is lawful and what is unlawful cannot be left to conjecture.". . .' Id. at 82.
The court also found that the statute was:
 ". . . vulnerable to attack on the ground that the language employed therein is so general and indefinite as to embrace not only acts commonly recognized as reprehensible, but also others which it is unreasonable to presume were intended to be made criminal. . . ." Id. at 82.
The court then determined that the application of the statute should not be limited through interpretation, but that that is properly the function of the Legislature. The court concluded by holding the statute in question to be unconstitutional on its face due to vagueness and overbreadth.
State v. Shiffbauer, supra, dealt with the constitutional validity of section 28-4,125(7), R.R.S. 1943, knowingly or intentionally delivering a substance represented to be a controlled substance but which in fact was not such a substance. The statute was questioned on the basis that it was vague and overbroad since it could apply to innocent conduct as well as conduct intended to be forbidden, i.e., a doctor prescribing a placebo. The court held, however, that the conduct of the particular defendant was within that clearly intended to be forbidden, and that the statute provided the defendant adequate notice that the conduct he was engaging in was forbidden. The court furthermore held that the defendant therein lacked standing to challenge the constitutionality of the statute since it could constitutionally be applied to him. In essence, the court held that the statute was not unconstitutional on its face, but conceded the statute may be unconstitutional as applied to certain innocent conduct, i.e., the dispensing of an uncontrolled substance by a physician or pharmacist. Justice McCown, joined by Justice Brodkey, wrote a vigorous dissenting opinion in which he expressed his opinion that the statute should have been held to be unconstitutional on its face based essentially on the same reasoning expressed in State v. Adkins, supra.
Upon first blush it appears very difficult to reconcile the Shiffbauer and Adkins cases. However, the two cases can be reconciled on the basis that the statute held unconstitutional on its face in Adkins affected and would tend to inhibit the First Amendment freedom of association, whereas the statute in Shiffbauer does not affect or tend to inhibit a First Amendment freedom. This is in accordance with the principal that statutes affecting a First Amendment right require a closer scrutiny. State v. Guy, 196 Neb. 308, ___ N.W.2d ___ (1976); Broadrick v. Oklahoma,413 U.S. 601, 37 L.Ed.2d 830, 93 S.Ct. 2908 (1973).
It is the opinion of this office that if section 34(1)(c) were to be utilized in a situation such as you presented, i.e., a doctor's examination or a parent's administration of an enema, which are normally thought to be innocent conduct, that the section would be held to be unconstitutional as applied. However, since section 34(1)(c) does not appear to substantially affect First Amendment rights, it is our opinion that, as in Shiffbauer, the statute would not be held to be unconstitutional on its face, but its constitutionality would be measured as applied in individual cases.